IN THE UNITED STATES DISTRICT COURT
FOR THE DISTICT OF DELAWARE

JAMAH K. GROSVENOR, )
      Plaintiff, )
                     ) C.A. NO. 05-033-GMS
V. )
THOMAS CARROLL, et.al., )
      Defendents. )
                     )

FILED
BD Scanned
JUN - 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

You are hearby notified to answer under oath the interrogatories, inclusive, as shown below, within (30) days of service, pursuant to Fed. R. Civ. P., 33.

### PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO THE DEFENDENTS

1. State the names, last known addresses of all persons who have direct knowledge of or were eyewitnesses to facts alleged in the complaint, noting specifically the eye-witnesses.

2. Give the names and last known addresses of all persons other then those listed in the answer to interrogatory #1, who have knowledge of the allegations stated in the complaint.

3. Give the names and last known addresses of all other persons who have knowledge of any facts alleged in any party's pleadings other then those persons named in the answer to interrogatories 1 and 2.

1

4. State the specific steps that DCC's Multi-Disciplinary Team (MDT) and the Institution-Based Classification Center (IBCC) took to insure that the information they relied on to transfer and classify plaintiff to the SHU was correct and accurate.

5. State the reasons, in detail, why defendents Carroll and Ballenger did not provide plaintiff with an oppotunity to present his views to them before being transferred to isolation confinement/pre-hearing detention on May 31, 2004.

6. State the reasons, in detail, why Plaintiff remained in Isolation Confinement/Pre-hearing detention for 11 days, (more the two-thirds the maximum time allowed pesuant to the Correction Code of Penal Discipline) without being provided notice of any disciplinary charges against him or an opportunity to tell his side or version of facts to defendants Ballenger and Carroll.

7. State the reports, memorandums, records, and information relied upon by MDT to recommend that plaintiff be classified to SHU.

8. State the reports, memorandums, records, and information that the I.B.C.C relied upon to approve the MDT's recommendation that Plaintiff be classified to SHU.

9. State who directed the MDT and I.B.C.C. to classify Plaintiff on June 22, 2004, August 2004, and November 9, 2004, when Plaintiff's classification review was not scheduled until April 2005, and why.

10. State why, in detail, the I.B.C.C. stated that Plaintiff was classified to SHU because of "pending disciplinary action" on June 22, 2004, even though Plaintiff was never served with notice of charges or given a arraignment.

11. State the reasons, in detail, why the I.B.C.C did not state a reason for approving or classifying Plaintiff to SHU "Continue Max" on November 9, 2004, even though Plaintiff still hadn't recieved a write-up or been given a hearing, after originally classifying him for "Pending disciplinary hearing" on June 22, 2004.

12. State why M.D.T. recommended Plaintiff be classified to SHU on June 22, 2004, August, 2004, and on November 9, 2004.

13. State why, in detail, I.B.C.C did not answer Plaintiff's classification appeal or letter.

14. State who ordered Plaintiff's transfer to SHU on June 10, 2004.

15. State, in detail, why the MDT and I.B.C.C classified Plaintiff to SHU on June 22, 2004, August 2004, and November 9, 2004 before he was served with a notice of charges against him and prior to a hearing on any charges.

3

16. State the full names of the members of the MDT and I.B.C.C. Classification committees who facilitated plaintiff's classification to the SHU on May 6, 2004.

17. Explain or state the reports, memorandums, records, or information defendents' Carroll and Ballenger relied upon to tranfer plaintiff to Isolation Confinement/Pre-hearing detention on May 31, 2004.

18. State the names and last known addresses of all persons who have been interviewed or questioned by you or on your behalf with reguard to the facts alleged in the pleadings. In addition thereto, state:

   (a) The date of each interview;

   (b) The substance of each interview; and

   (c) The names, last known addresses of all persons who have copies of a resume or transcript of each interview.

19. With reference to any report, memorandum or resume prepared by your or anyone acting on your behalf pertaining to any of the facts alleged or referred to in the pleadings, give the date of each such matter in writing and as to each date given, state:

   (a) The name and last know address of the person or persons who prepared such writing, and the name, and address, and identity of the employer of such person or persons; and

   (b) Whether such writing was prepared by you or on your behalf.

4

20. State whether you or anyone on your behalf has recieved any non-medical reports or records with reguard to the allegations in the complaint. If yes, state the following:

    (a) The nature of each report or record;

    (b) By whom each report was prepared;

    (c) At whose request they were prepared.

21. Identify each and every person whom you believe will be called as a witness on your behalf at trial.

22. Identify each and every document which you intend to rely upon for any purpose in this litigation, including but not limited to direct or cross-examination of any witness at deposition or at trial.

23. If you had or heard any discussions with the plaintiff reguarding any allegation in the complaint, if so, describe such discussions in detail.

24. State, in spacific detail, how defendants' Carroll and Ballenger determined that plaintiff engaged in conduct that warranted his placement in isolation confinement/pre-hearing detention on May 31, 2004.

25. State, in spacific detail, how the I.B.C.C. determined that plaintiff should be classified to MAX/SHU on June 22, 2004, August 2004, and November 9, 2004.

26. State in detail, why the I.B.C.C. has failed to adhere to the classification regulations, by refusing to entertain plaintiff's classification appeal and grievances.

27. State in detail why the I.B.C.C. has refused to correct it's inaccurate classification records of plaintiff's June 22, 2004, August 2004, and November 9, 2004 classifications. That is, provide plaintiff with valid spacific reasons why he was classified to MAX/SHU

28. State spacifically the reasons why plaintiff was not a meaningful opportunity to be heard by the M.D.T. and I.B.C.C., when plaintiff was classified in August 2004, and on November 9, 2004

29. Since plaintiff's June 10, 2004 transfer to the SHU, how many times or how often has he recieved Quality of Life level review.

30. Explain in detail DCC's Quality of life levels, and how you determine what level inmates are placed on.

31. Explain in detail why Plaintiff's yearly classification schedule was circumvented. That is, state why Plaintiff

6

is being denied meaningful reviews (every 90 days as prescribed by the classification regulations for inmates in SHU), whereby his quality of life level is increased to obtain more privledges, and to progress out of the SHU.

32. Explain in detail why Plantiff's yearly classification schedule was circumvented. That is, state why Plaintiff was classified on June 22, 2004, August, 2004, and November 9, 2004 to Maximum security (SHU) when his classification review was not scheduled until April, 2005.

33. Does DCC's classification Regulations or procedures incorporate a point system to determine an inmate's security classification, i.e., minimum, medium, medium-high, or maximum security classification levels. If yes, state the following:

(a) how many classification points did Plaintiff have when he was classified on April, 2004 to continue medium-high status in MHU;

(b) the precise number of classification points needed for an inmate to be placed on each of the (4) classification levels stated above; and

(c) how does an inmate obtain or accumulate points to be classified to medium-high and maximum security levels.

7

34. Did the Department of Correction, DCC, increase Plaintiff's classification points from his April, 2004 classification, when he was classified to the SHU on June 22, 2004. If yes, state what disciplinary report or hearing verdict brought about his increase in classification points.

DATED 5/24/06

Jamah Grosvenor
1181 Paddock Road
Smyrna, DE 19977

8

# CERTIFICATE OF SERVICE

I, JAMAH K. GROSVENOR, herby certify that I have served a true and correct copy of attached motion upon the following party, on the 24 day of MAY, 2004:

OFFICE OF THE CLERK
U.S. DISTRICT COURT
844 N. KING ST. LOCKBOX 18
WILM, DE 19801-3570

5/24/06
DATE SIGNED

JAMAH K. GROSVENOR
1181 PADDOCK ROAD
SMYRNA, DE 19977