IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMAH K. GROSVENOR,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.        ) | Civil Action No. 05-33-GMS |
| ) | |
| THOMAS CARROLL, et al.,        ) | |
| ) | |
| Defendants.        ) | |

**SUPPLEMENTAL SERVICE ORDER**

WHEREAS, the plaintiff Jamah K. Grosvenor, a prisoner incarcerated at the Delaware Correctional Center ("DCC"), filed his original complaint pursuant to 42 U.S.C. § 1983, on April 10, 2006 (D.I. 2);

WHEREAS, the complaint names as defendants John/Jane Doe members of the Multi-Disciplinary Team ("MDT"), and John/Jane Doe members of the Institutional Base Classification Committee ("IBCC");

WHEREAS, on March 30, 2006, the court ordered defendants Jim Simms ("Simms") and Evelyn Stevenson ("Stevenson") to identify the Jane/John Doe defendants as soon as possible after the complaint was served;

WHEREAS, Grosvenor was ordered to immediately move the court for an order directing amendment of the caption and service of the complaint upon learning the identification of the Jane/John Doe defendants;

WHEREAS, Simms and Stevenson executed waivers of service on May 3, 2006, and May 8, 2006, respectively (D.I. 10, 11);

WHEREAS, on October 5, 2006, Grosvenor filed a motion to amend the complaint identifying one IBCC Doe defendant as Jayme Jackson and identifying one MDT Doe defendant as Sgt. P. Wallace and correcting the name of the defendant Joseph Ballinger to Joseph Belanger (D.I. 23);

WHEREAS, on December 28, 2006, Grosvenor filed a motion to amend the complaint identifying one MDT Doe defendants as Lt. Seacord and one IBCC Doe defendant as Cindy Atallian, and to correct the name of the defendant P. Wallace to Sgt. Wallace (D.I. 26);

WHEREAS, the motion makes reference to a discovery request filed by Grosvenor, but insufficient information was provided to the court regarding the issue;

THEREFORE, at Wilmington this 4th day of May, 2007, IT IS ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. The plaintiff's motion (D.I. 26) is GRANTED in part and DENIED in part, as follows: the motion to compel discovery is DENIED without prejudice, and the motion to amend/correct is GRANTED.

3. The clerk of the court is directed to amend the court docket by changing the name P. Wallace to Sgt. Wallace. The clerk of the court is also directed to amend the court docket to change the name of John/Jane Doe M.D.T. to Lt. Seacord and the name of John/Jane Doe IBCC to Cindy Atallian.

IT IS FURTHER ORDERED that:

1. This order shall supplement the court's service order (D.I. 6) dated March 31, 2006.

2.   Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **the identified Doe defendants, Lt. Seacord and Cindy Atallian,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C).  **Additionally, the plaintiff shall provide the court with copies of the complaint (D.I. 2) for service upon each identified Doe defendants.  The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court.  Failure to provide the "U.S. Marshal 285" forms for the newly identified defendants and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or the newly identified defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.   Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the additional defendant identified in the 285 form.

4.   Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.   Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE



FILED

MAY - 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE